# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES D. GREEN,**

    **Plaintiff,**

    v.                                          Case No.  03-3225-JWL

**MICHAEL DEAN; CHRISTOPHER WELSH;**
**JAMES ESPINOZA; JEFF GILMORE;**
**TRAVIS RAKESTRAW; STEVEN PENNINGTON,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brought suit under §1983 against defendants alleging that they used excessive force during the course of his arrest. Plaintiff demanded a jury trial, and his case was heard by a jury. The jury returned a verdict for defendants, finding that they did not use excessive force while arresting plaintiff. This case is now before the court on plaintiff's motion for a new trial or judgment not withstanding the verdict (Doc. # 79).[1] Plaintiff, now pro se, asks the court for a new trial or a judgment as a matter of law because there was insufficient evidence for a reasonable jury to find that defendants did not use excessive force when arresting plaintiff and because plaintiff's appointed counsel committed several acts of excusable neglect, rendering him ineffective in presenting plaintiff's claim. The court denies plaintiff's motion

---

[1] The court understands that when plaintiff requests judgment not withstanding the verdict, he is actually requesting judgment as a matter of law under Federal Rule of Civil Procedure 50(b).

as there was sufficient evidence for the jury to find that the actions of defendants were not objectively unreasonable and plaintiff was not entitled to counsel, so even if his counsel was ineffective, granting plaintiff's motion for a new trial or judgment as a matter of law is not warranted.[2]

**Sufficiency of the Evidence**

Plaintiff argues that there was not legally sufficient evidence for a jury to find for defendants when there was testimony that they stuck him more than 100 times, and therefore, he requests either a new trial or judgment as a matter of law.[3] The court disagrees, and denies plaintiff's motion because there was sufficient evidence for the jury to find that the actions of defendants were not objectively unreasonable.

A motion for a new trial made on the ground that the jury's verdict is against the weight of the evidence is committed to the sound discretion of the trial court. *Veile v. Martinson*,

---

[2] The court disregards defendants' response to plaintiff's motion for a new trial or judgment as a matter of law because defendants have failed to show good cause for their failure to timely file a response, as defendants merely forgot to respond to plaintiff's motion or to move for an extension of time to respond. Even though the court has disregarded defendants' response, it will decide plaintiff's motion on the its merits. While uncontested motions are ordinarily granted, they are not invariably granted. D. Kan. Rule 7.4. Here, where the sufficiency of evidence is challenged and the court heard all of the evidence at trial, and plaintiff's other contention must be denied as a matter of the law, the court finds that it is appropriate to conduct an independent evaluation of plaintiff's motion.

[3] Defendants argue that this motion is improper because plaintiff did not refer to the record where a Rule 50 motion was made during trial. The court, however, recalls plaintiff asking for a judgment as a matter of law after the close of defendants' case, when defendants asked for all charges to be dismissed.

258 F.3d 1180, 1188 (10th Cir. 2001) (citing *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1125 (10th Cir. 1995)). The evidence is viewed in the light most favorable to the non-moving party. *Macsenti v. Becker*, 237 F.3d 1223, 1235 (10th Cir. 2001). The "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." *Veile*, 258 F.3d at 1188 (citing *Getter*, 66 F.3d at 1125). In assessing the propriety of granting a new trial, the court must bear in mind that "determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact" are functions within the sole province of the jury. *Id.* at 1190-91 (quoting *Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co.*, 104 F.3d 1205, 1212 (10th Cir. 1997).

Similarly, judgment as a matter of law under Rule 50(b) "should be cautiously and sparingly granted,"1192 *Black v. M & W Gear Co.,* 269 F.3d 1220, 1238 (10th Cir.2001), and is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Sanjuan v. IBP, Inc.,* 275 F.3d 1290, 1293 (10th Cir.2002). In determining whether judgment as a matter of law is proper, the court may not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Turnbull v. Topeka State Hosp.,* 255 F.3d 1238, 1241 (10th Cir.2001).

In essence, the court must affirm the jury verdict if, viewing the record in the light most favorable to the nonmoving party, it contains evidence upon which the jury could have properly returned a verdict for the nonmoving party. *Roberts v. Progressive Independence, Inc.,* 183

3

F.3d 1215, 1219-20 (10th Cir.1999) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1546 (10th Cir.1996)). Conversely, the court must enter judgment as a matter of law in favor of the moving party if "there is no legally sufficient evidentiary basis ... with respect to a claim or defense ... under the controlling law." *Deters v. Equifax Credit Information Servs., Inc.,* 202 F.3d 1262, 1268 (10th Cir.2000) (quoting *Harolds,* 82 F.3d at 1546-47).

An excessive force claim should be analyzed by determining whether a defendant's actions were objectively reasonable in light of the surrounding facts and circumstances. *Allen v. Muskogee,* 119 F.3d 837, 840 (10th Cir. 1997) citing *Graham v. Connor,* 490 U.S. 386, 397 (1989). The inquiry should cover actions leading up to and at the moment of the use of force. *Id*. The use of force should be judged from the perspective of a reasonable officer on the scene who is often forced to make a split-second judgment regarding the amount of force which is necessary. *Id*., quoting *Graham*, 490 U.S. at 396-97. Factors to consider include the severity of the action leading to an officer's response, the potential threat posed to the safety of the officers and others, and the resistance presented to the officers. *See Medina v. Cram,* 252 F.3d 1124, 1131 (10th Cir. 2001).

Here, the evidence, viewed in the light most favorable to defendants, supports a finding that defendants did not use excessive force when arresting plaintiff. At trial, defendants presented evidence that plaintiff resisted officers when they attempted to arrest plaintiff and that he continued to resist officers after being struck, requiring the application of more force. Evidence was offered to explain plaintiff's motive to resist arrest, specifically that he was on

4

parole and had cocaine in his possession.  The type of strikes used by defendants also supports a finding that excessive force had not been used.  None of the strikes issued by defendants were to plaintiff's head or face, the areas that would have been most likely to cause physical injury.  Also, the areas where defendants focused their strikes were the areas where defendants had been instructed to focus upon in their police training.  While this does not make defendants actions per se reasonable and not excessive, it was a factor that the jury could consider when looking at the objective reasonableness of defendants' actions.  Moreover, plaintiff did not suffer abrasions, cuts, broken bones or even bruising that were apparent in the photographs taken after plaintiff's arrest that were admitted into evidence, nor did plaintiff's medical records for his examination immediately after his arrest note any injury.  In fact plaintiff admitted that he was only sore after his arrest.  Looking at the totality of the circumstances, a reasonable jury could have found that defendants did not use excessive force when arresting plaintiff, and therefore, neither a new trial nor judgment as a matter of law is merited.

**Ineffective Assistance of Counsel**

Plaintiff argues that he is entitled to a new trial or judgment as a matter of law  because his trial counsel failed to object to the composition of the all white jury pool, failed to notify or subpoena a number of plaintiff's witnesses and failed to object to a line of questioning that plaintiff believes was in violation the court's ruling on a motion in limine, rendering his trial counsel ineffective.  The court disagrees.

Even though the court, at plaintiff's request, appointed counsel for plaintiff, plaintiff is not entitled to counsel in this type of civil proceeding. *Garramone v. Romo,* 94 F.3d 1446, 1449 (10th Cir.1996) (litigants in civil cases have a presumed right to counsel only when loss of their physical liberty is at issue); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988) (there is no constitutional or statutory right to counsel in a civil case). Therefore, counsel's performance, even if it were ineffective, does not warrant granting plaintiff's motion for a new trial or judgment as a matter of law. *MacCuish,* 844 F.2d at 735-36 (the "remedy for allegedly incompetent representation is a malpractice suit against [the] trial attorney. Any such incompetence provides no basis for granting ... a new trial."). Moreover, plaintiff's recourse for dissatisfaction with his counsel, or for counsel's alleged ineffectiveness, is a malpractice action, if such is warranted.[4] *See United States v. Wayt,* 44 Fed. Appx. 354, 355 n. 1 (10th Cir.2002) (citing *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.,* 175 F.3d 1304, 1311 n. 14 (11th Cir.1999)); *see also MacCuish,* 844 F.2d at 735-36.

For all the reasons given above, plaintiff's motion for a new trial or judgment as a matter of law is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for a new trial or judgment as a matter of law (Doc. # 79) is denied.

---

[4] The court by no means suggests that it believes that a malpractice action against plaintiff's appointed counsel would be justified. In fact, plaintiff received aggressive and diligent representation. The jury simply agreed with the defendants' perspective on what occurred.

**IT IS SO ORDERED** this 1st day of August, 2005.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge